IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SPECTRUM ASSOCIATES, LLC, LONGORIA DESIGN, LLC, and KENNEDY-MATSUMOTO DESIGN, LLC,<br><br>       Plaintiffs,<br><br>v.<br><br>M & G PARTNERS, LLP, d/b/a FASHION ANGELS ENTERPRISES,<br><br>       Defendant. | Civil Action No.: |

**Complaint For Patent Infringement**

Plaintiffs, Spectrum Associates, LLC, Longoria Design, LLC, and Kennedy-Matsumoto Design, LLC (collectively "Plaintiffs"), complain and allege as follows against Defendant, M & G Partners, LLP, d/b/a Fashion Angels Enterprises ("M&G"):

**The Parties**

1. Plaintiff Spectrum Associates, LLC is a Florida limited liability company with a principal place of business at 1124 Parkside Circle North, Boca Raton, Florida 33486.

2. Plaintiff Longoria Design, LLC is a Florida limited liability company with a principal place of business at 8325 S.W. 108th Street, Miami, Florida 33156.

3. Plaintiff Kennedy-Matsumoto Design, LLC is a California limited liability company with a principal place of business at 237 Eucalyptus Hill Drive, Santa Barbara, California 93108.

{29290967;1}

4. Upon information and belief, Defendant M&G is a limited liability partnership organized and existing under the laws of the state of Wisconsin, with its principal place of business at 4114 N. Oakland Ave., Milwaukee, WI 53211.

## Jurisdiction and Venue

5. This is an action for patent infringement arising under the patent laws of the United States, United States Code, 35 U.S.C. § 271 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over M&G because M&G has committed, and continues to commit, acts of infringement in the Southern District of Florida.

7. Venue is proper under 28 U.S.C. §§ 1391 and 1400 because, among other reasons, M&G has committed acts of infringement in this district and M&G is subject to personal jurisdiction in this district.

## Plaintiffs' Patent-in-Suit

8. Plaintiffs are the lawful owners by assignment of United States Patent No. 7,156,885 entitled "Hair Coloring Device," duly and legally issued on January 2, 2007 (the "'885 Patent"). A true copy of the '885 Patent is attached hereto as Exhibit A.

## Count I
### (Infringement Of The '885 Patent)

9. Paragraphs 1 - 8 are incorporated as if fully set forth herein.

10. M&G has been and is infringing the '885 Patent by making, using, offering for sale, selling within the United States, and/or importing into the United States infringing products which embody one or more claims of the '885 Patent, including the product it calls "Color Rox Hair Chox," without authority or license from Plaintiffs, in violation of 35 U.S.C. § 271.

11. Plaintiffs owned the '885 Patent throughout the period of M&G's infringing acts and still owns the patent.

12. M&G's infringement of the '885 Patent is ongoing. Unless and until enjoined by order of this Court, M&G's infringement of Plaintiffs' rights under the '885 Patent will continue to damage Plaintiffs, causing Plaintiffs irreparable harm as a direct and proximate result of M&G's conduct.

13. Plaintiffs have been damaged by M&G's infringement, and is entitled to recover from M&G the damages sustained as a result of M&G's wrongful acts in an amount to be proved at trial.

14. Upon information and belief, M&G will continue to infringe the '885 Patent unless and until it is enjoined by this Court. Such continued infringement will be willful, making this case exceptional under 35 U.S.C. § 285 and entitling Plaintiffs to an award of treble damages and its reasonable attorney's fees.

## Jury Demand

15. Plaintiffs demand a trial by jury on all issues triable as such.

## Requested Relief

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against M&G as follows:

(a) finding that M&G has infringed one or more claims of the '885 Patent;

(b) permanently enjoining M&G and its subsidiaries, affiliates, officers, directors, agents, servants, employees, licensees, successors, and customers and those in active concert or participation with any of them, from making, using, importing, offering to sell, or selling any

products or methods that infringe or contribute to the infringement of any claim of the '885 Patent, or from inducing others to infringe any claim of the '885 Patent;

  (c) awarding Plaintiffs their lost profits and/or reasonable royalty and/or other damages in amounts sufficient to compensate them for M&G's infringement of the '885 Patent, together with prejudgment and post judgment interest and costs, pursuant to 35 U.S.C. § 284;

  (d) trebling the damages awarded to Plaintiffs by reason of M&G's willful infringement of the '885 Patent;

  (e) declaring this case to be "exceptional" under 35 U.S.C. § 285 and awarding Plaintiffs their attorneys' fees, expenses and costs incurred in this action; and

  (f) awarding Plaintiffs such further relief as the Court deems just and proper.

Dated: August 12, 2014    Respectfully submitted,

            */s/David Brafman*
            David Brafman, Esq.
            Fla. Bar No. 68289
            Mark D. Passler
            Fla. Bar No. 58068
            AKERMAN LLP
            222 Lakeview Avenue, 4th Floor
            West Palm Beach, FL 33401-6147
            Phone: (561) 653-5000
            Fax: (561) 659-6313
            E-mail: david.brafman@akerman.com
            E-mail: mark.passler@akerman.com
            *Attorneys for Plaintiffs*